Edward R. Litwin SB#: 57635
Christina H. Lee SB#: 230883
Litwin & Associates, A Law Corporation
1435 Huntington Ave., Suite 336
South San Francisco, CA 94080
(650) 588-7100 (t) (650) 588-4302 (f)

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Keikhosrow FIROOZBAKHSH ) | Civil No. |
| ) | |
| Plaintiff, ) | PLAINTIFF'S ORIGINAL COMPLAINT |
| ) | FOR WRIT IN THE NATURE OF |
| v. ) | MANDAMUS |
| ) | |
| MICHAEL CHERTOFF, Secretary ) | |
| ) | |
| EMILIO T. GONZALEZ, Director, CIS ) | "Immigration Case" |
| ) | |
| ROSEMARY MELVILLE, District Director ) | CIS NO.        A045-674-470 |
| ) | |
| FRANK SICILIANO, Field Office Director ) | |
| ) | |
| Department of Homeland Security; ) | |
| ) | |
| ROBERT S. MUELLER, Director ) | |
| ) | |
| Federal Bureau of Investigations ) | |
| ) | |
| Defendants. ) | |

COMES NOW Keikhosrow Firoozbakhsh, Plaintiff in the above-styled and numbered cause,

and for cause of action would show unto the Court the following:

1.      This action is brought against the Defendants to compel action on Form N-400, Application for

Naturalization properly filed by the Plaintiff.  The application remains within the jurisdiction of the

Defendants, who have improperly withheld action on said application to the Plaintiff's detriment.

COMPLAINT                          1

PARTIES

2.      Plaintiff Keikhosrow Firoozbakhsh is a 64 year-old citizen of Iran.  He became a lawful permanent resident on January 25, 1997.

3.      Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS) and this action is brought against him in his official capacity.  He is generally charged with enforcement of the Immigration and Nationality Act (the Act) and is further authorized to delegate such powers and authority to subordinate employees of the DHS.  8 CFR §2.1.

4.      Defendant Emilio T. Gonzalez is the Director of the United States Citizenship and Immigration Services (USCIS), an agency within the DHS to whom the Secretary's authority has, in part, been delegated and is subject to the Secretary's supervision, and this action is brought against him in his official capacity.  Defendant Emilio T. Gonzalez is generally charged with the overall administration of benefits and immigration services. 8 CFR §100.2(a).

5.      Defendant Rosemary Melville is the District Director of the San Francisco District of the CIS, and this action is brought against her in her official capacity.  Defendant Rosemary Melville is generally charged with administration and enforcement of the Act and all other laws relating to immigration and naturalization within her assigned geographic area.  8 C.F.R. § 100.2(d)(2)(ii).

6.      Defendant Frank Siciliano is the Field Office Director of the San Jose sub-office and this action is brought against him in his official capacity.  Defendant Frank Siciliano is an official of the CIS charged with supervisory authority over operations of the San Jose sub-office, including adjudication of naturalization applications filed within its jurisdiction.  Defendant Frank Siciliano is the official with whom Plaintiff's application for naturalization continues to pend.  8 CFR §100.2(d)(2)(ii), 8 CFR §100.4(c)(1), and 8 CFR §103.1(b).

7.      Defendant Robert S. Mueller is the Director of the Federal Bureau of Investigations (FBI) and this action is brought against him in his official capacity.  Defendant Robert S. Mueller is the head of

COMPLAINT                                    2

the FBI, an agency charged with duties such as conducting investigations regarding official matters under the control of the Department of Justice and the Department of State as may be directed by the Attorney General.  28 USC § 533.

## JURISDICTION

8.    The Court has jurisdiction of this action pursuant to 28 USC §§1331 and 1361, the Administrative Procedures Act of 5 USC § 555(b) and §701 *et seq*., 8 USC § 1421 *et seq.,* and 8 USC § 1447(b) and 28 USC § 2201 since the Defendants have failed to make a determination of Plaintiff's application for naturalization within the 120 day statutory period.  Relief is requested pursuant to said statutes.

## INTRADISTRICT ASSIGNMENT

9.    Pursuant to Civil L.R. 3-2(d), since the Plaintiff resides in Santa Clara County, assignment shall be to the San Jose Division.

## VENUE

10.    Venue is proper in this court, pursuant to 28 USC § 1391(e)(3), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where the plaintiff resides if no real property is involved in the action.  Specifically, Plaintiff resides at 6712 Elwood Road, San Jose, California, and no real property is involved in the instant action.

## EXHAUSTION OF REMEDIES

11.    Plaintiff has exhausted his administrative remedies.  Plaintiff has made numerous inquiries concerning the status of his application to no avail.

## CAUSE OF ACTION

12.    All legal prerequisites having been satisfied, Plaintiff Firoozbakhsh  filed his application for naturalization on February 14, 2002, with the USCIS.

13.    On November 18, 2002, Plaintiff Firoozbakhsh attended his naturalization interview with the

COMPLAINT                                           3

USCIS. He was interviewed by Officer Peter Rechkemmer in Albuquerque, New Mexico. Plaintiff Firoozbakhsh passed the civics and English requirement, and his application was recommended for approval.

14.    On March 30, 2004, the USCIS sent Plaintiff Firoozbakhsh a fingerprint appointment scheduled for April 10, 2004 at 11:00 a.m. in Albuquerque, New Mexico.

15.    On March 31, 2004, the USCIS sent Plaintiff Firoozbakhsh another interview appointment scheduled for April 15, 2004.

16.    On April 10, 2004, Plaintiff Firoozbakhsh had his fingerprints taken at the USCIS.

17.    On April 15, 2004, Plaintiff Firoozbakhsh again met with Officer Rechkemmer to verify his eligibility for naturalization and review information on the Plaintiff's N-400 application.

18.    On April 19, 2005, Plaintiff Firoozbakhsh sent a letter to New Mexico Senator Peter Domenici requesting his assistance with his naturalization case.

19.    On April 21, 2005, Senator Domenici sent a response letter to Plaintiff Firoozbakhsh and stated that his office had contacted the proper authorities and would notify the Plaintiff upon receipt of their report.

20.    On or about May 15, 2006, Plaintiff submitted a change of address request with the USCIS indicating his address change from Albuquerque, New Mexico to San Jose, California.

21.    On August 9, 2007, Plaintiff Firoozbakhsh contacted the USCIS to inquire about his case.

22.    On August 10, 2007, the USCIS sent the Plaintiff Firoozbakhsh a response stating that the processing of his case had been delayed as the required background check remained open.

23.    Plaintiff Firoozbakhsh has contacted the Albuquerque USCIS and the San Jose USCIS numerous times by telephone, e-mail and Infopass appointments to inquire about his case.

24.    More than 120 days have passed since the Plaintiff's initial interview, and the Defendants have made no decision on the Plaintiff's application.

COMPLAINT                                    4

25.     The Defendants' failure to make a determination of Plaintiff's application within the 120-day statutory period allows the Plaintiff to bring the matter to this Court for a hearing pursuant to 8 USC § 1447(b).

26.     Further, upon information and belief, following Plaintiff Firoozbakhsh's interview on November 18, 2002, the USCIS Defendants requested the Federal Bureau of Investigation, or other Federal agencies unknown to the Plaintiff, to complete and verify security checks with regard to Plaintiff Firoozbakhsh. Defendants Secretary Chertoff and Director Mueller and unknown officers and officials under their direction and control have failed and refused to complete such security checks.

27.     The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 et seq., have unlawfully withheld, and are unlawfully withholding and unreasonably delaying action on Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiff's case. By denying adjudication, Defendants are denying Plaintiff Firoozbakhsh the rights accorded to a United States citizen, such as a right to vote, and the right to petition family members to the United States. Further, Plaintiff has extremely sick relatives abroad, and his unknown citizenship status makes it extremely difficult for him to obtain a transit visa from other countries in order for him to visit and take care of his family members.

28.     Plaintiff desires a judicial determination of his naturalization application and a declaration that he is entitled to be naturalized as a citizen of the United States.

PRAYER

29.     WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court will:

      (a)     hear Plaintiff's case and render a declaratory judgment that he is entitled to be naturalized,

      (b)     award the Plaintiff reasonable attorney's fees under the Equal Access to Justice Act; and

COMPLAINT                    5

1    (c)      grant such further relief at law and in equity as justice may require.

2

3

4

5    Dated: _____

6                                                        _____/S/_____
                                                        Edward R. Litwin
7                                                        Christina H. Lee
                                                        Attorneys for Plaintiffs
8

9

10   I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed"

11   signature (/S/) within this efiled document.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                                    6